# ADR
**E-FILING**



ORIGINAL
FILED
07 OCT -5 PM 3: 26
RICHA__ __ __KING
U.S ___ ___
__ ___

NIS M. BROWN, Bar N_ __
__il: dbrown@littler.com
_D K. BOYER, Bar No. 203132
_ail: tboyer@litter.com
_TLER MENDELSON
_Professional Corporation
_) West San Fernando Street, 14th Floor
_an Jose, CA 95113.2303
_elephone:    408.998.4150
_acsimile:    408.288.5686

Attorneys for Defendant
SEARS, ROEBUCK AND CO.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE LONDON,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK & COMPANY, an Illinois corporation; and DOES I-XX,<br><br>Defendants. | Case No. **C07 05148** **RS**<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**28 U.S.C. §1441(B) DIVERSITY** |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

      PLEASE TAKE NOTICE that Defendant Sears, Roebuck and Co. ("Defendant") hereby removes the above-entitled action, Case No. M86095, from the Superior Court of the State of California, County of Monterey, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§1332(a)(1), 1441, and 1446.

**I.    JURISDICTION**

      1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1).  This case may be removed pursuant to 28 U.S.C. §§1441(b) because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

\* \* \*

\* \* \*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Case No.
FIRMWIDE:83159909.1 053194.1000

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

## II.    INTRADISTRICT ASSIGNMENT

2.    Venue in the San Jose Division is proper because the events giving rise to Plaintiff's claim occurred in Monterey County, California. N.D. Cal. R. 3-2(c).

## III.    GENERAL INFORMATION

3.    On August 30, 2007, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Monterey, entitled, <u>CONSTANCE LONDON v. SEARS, ROEBUCK & COMPANY, an Illinois corporation and DOES I-XX,</u> designated as Case No. M86095.

4.    In the Complaint, Plaintiff alleges that she was discriminated against in her employment with Defendant on the basis of age. Plaintiff also claims she was wrongfully terminated in violation of public policy and seeks unpaid wages. A true and correct copy of the Summons and Complaint from the Monterey County Superior Court is attached hereto as Exhibit "A."

5.    Defendant was served with the Complaint on September 14, 2007, via personal service on Defendant's registered agent for service. On October 3, 2007, Defendant filed a General Denial and Affirmative Defenses pursuant to Cal. Code of Civ. Proc. § 431.30 in the Monterey County Superior Court. A true and correct copy of Defendant's General Denial and Affirmative Defenses and the notice of service on Defendant's registered agent are attached hereto as Exhibit "B".

6.    There is no other defendant, other than Sears, Roebuck and Co., named in the Complaint.

7.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of September 14, 2007, the date Plaintiff's complaint was served on Defendant. Cal. Code of Civ. Proc. §415.30(c); <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,</u> 526 U.S. 344 (1999); <u>Brown v. Demco, Inc.,</u> 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served with the original complaint); <u>McAnally Enterprises, Inc. v. McAnally,</u> 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

8.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This case is a civil action between citizens of different

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Case No.
FIRMWIDE:83159909.1 053194.1000

2.

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

1    states and it is obvious from the face of the Complaint that Plaintiff seeks more than $75,000 in

2    damages, exclusive of interest and costs.

3    **IV.    DIVERSITY**

4          9.    Diversity grounds for removal exist based upon the following:

5          a.    Defendant is informed and believes that Plaintiff was, at the time of

6    commencing this action, and still is, a citizen and resident of Monterey County, California.

7          b.    At the time this action was commenced in state court, Defendant was,

8    and still is, a corporation incorporated under the laws of the State of New York with its principal

9    place of business in the State of Illinois. Thus, Defendant is not a citizen of the State of California.

10   28 U.S.C. §§1332 (c)(1).

11         c.    Defendants designated as DOES I to XX are fictitious defendants, are

12   not parties to this action, have not been named or served, and are to be disregarded for the purpose of

13   this removal. 28 U.S.C. § 1441(a). <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir.

14   1987). The Doe defendants, therefore, need not consent to this removal.

15         10.    No other party has been named or has been served as of the date of this

16   removal.

17   **V.    AMOUNT IN CONTROVERSY**

18         11.    In order to satisfy the $75,000 amount in controversy requirement, the

19   removing party must demonstrate that the amount in controversy "more likely than not" exceeds

20   $75,000. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

21         12.    The District Court may consider whether it is facially apparent from the

22   complaint that the jurisdictional amount is met. <u>Singer v. State Farm Mutual Auto Ins. Co.</u>, 116 F.3d

23   373, 377 (9th Cir. 1997); <u>Conrad Assoc. v. Hartford Accident & Indemnity Co.</u>, 994 F. Supp. 1196,

24   1198 (N.D. Cal. 1998).

25         13.    In the present case, Plaintiff's Complaint seeks monetary damages, lost back

26   and front wages, and emotional distress damages which, on the face of the complaint, seek an

27   aggregate amount in excess of $75,000. The aggregation of Plaintiff's claims is sufficient to meet

28   the $75,000 amount in controversy requirement. <u>Wolde-Meskel v. Vocational Instruction Project</u>

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Case No.
FIRMWIDE:83159909.1 053194.1000                    3.                    NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

1  Community Services, Inc., 166 F.3d 59, 62 (2d Cir. 1999); See Bank of California v. Twin Harbors

2  Lumber Co., 465 F.2d 489, 491 (9th Cir. 1972).

3        14.   In addition to compensatory damages, punitive damages are also properly

4  included in computing the jurisdictional amount.  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th

5  Cir. 2001).  A removing defendant may demonstrate that it is "facially apparent" from the complaint

6  that the claims likely exceed $75,000, by showing that punitive damages have been pleaded.  In

7  White v. FCI USA, Inc., 319 F.3d 672, 675-676 (5th Cir. 2003), the Court held that it was facially

8  apparent that plaintiff's wrongful termination claim exceeded the $75,000 amount in controversy

9  jurisdictional requirement based on her "lengthy list of compensatory and punitive damages" which

10  included a claim for loss of pay, benefits, impaired future earning capacity, harm to credit and

11  emotional distress.

12        15.   In this matter, Plaintiff has pleaded claims for punitive damages in paragraphs

13  21, 31 and 43.  Plaintiff has also pleaded a claim for emotional distress damages, lost wages and

14  attorney's fees.  Attorney's fees recoverable by statute or contract are also properly included in the

15  amount in controversy.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

16  Prevailing plaintiffs asserting claims for discrimination under the Fair Employment and Housing Act

17  "FEHA" may recover attorney fees.  See Cal. Govt. Code § 12965(b); Cal. Code of Civ. Proc. §§

18  1032, 1033.5(a)(10).

19        16.   Accordingly, it is apparent from the face of the Complaint that the $75,000

20  amount in controversy requirement is met.  See Bosinger v. Phillips Plastics Corp., 57 F. Supp.2d

21  986, 989 (S.D. Cal. 1999) (finding federal jurisdiction over matter, noting that since plaintiff had

22  pleaded contract and tort damages, along with punitive damages, the complaint exceeded the

23  $75,000 amount in controversy requirement).

24        17.   Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C.

25  § 1332.

26  * * *

27  * * *

28  * * *

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No.
FIRMWIDE:83159909.1 053194.1000

4.

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

1      18.    All pleadings, process or orders received by Defendant in the case are

2    attached hereto.  Defendant has received no other process pleadings or orders.

3

4    Dated:    October 5, 2007

5

6

7    DENNIS M. BROWN
     TODD K. BOYER
8    LITTLER MENDELSON
     A Professional Corporation
9    Attorneys for Defendant
     SEARS, ROEBUCK AND CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No.
FIRMWIDE:83159909.1 053194.1000                    5.       NOTICE TO FEDERAL COURT OF REMOVAL
                                                            OF CIVIL ACTION FROM STATE COURT

# EXHIBIT A

9/14/07 @SPR



SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

AUG 3 0 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY

J. NICHOLSON

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS ROEBUCK AND COMPANY, an Illinois corporation; and
DOES I through XX

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CONSTANCE LONDON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>MONTEREY SUPERIOR COURT<br>1200 Aguajito Road<br>Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso)*<br>**M 86095** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael P. Guta, SBN 121509, c/o LAW OFFICES OF JOHN E. HILL, A Professional Corporation, 8105
Edgewater Drive, Oakland, CA 94621, (510) 588-1000

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* AUG 3 0 2007 LISA M. GALDOS | Clerk, by<br>*(Secretario)* J. NICHOLSON | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED: You are served**

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* SEARS ROEBUCK & COMPANY, an Illinois
   COMPANY;

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

FILED

AUG 3 0 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

J. NICHOLSON

JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
A Professional Corporation
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile:  (510) 729-6333

Attorneys for Plaintiff
CONSTANCE LONDON

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

UNLIMITED JURISDICTION

CONSTANCE LONDON,

    Plaintiff,

v.

SEARS ROEBUCK AND COMPANY, an
Illinois corporation; and DOES I through XX

    Defendant (s).

Case No.   **M 8 6 0 9 5**

COMPLAINT

( Age Discrimination, Defamation,
Wrongful Termination in Violation of
Public Policy, Recovery of Unpaid
Wages; Intentional Infliction of
Emotional Distress)

[Gov. Code Sec. 12945.2]

BY FAX

GENERAL ALLEGATIONS

1.    At all times mentioned herein, Plaintiff was and is a resident of State of California, County of Monterey..

2.    At all times mentioned herein, Defendant SEARS ROEBUCK AND COMPANY . was a corporation organized and existing under the laws of the State of Illinois, and was doing business in State of California, County of Monterey, City of Salinas.

3.    Plaintiff is informed and believes, and thereon alleges, that the true names and capacities, whether individual, associate, corporate or otherwise of Defendants sued herein as Does I to XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names

070828 6

1

COMPLAINT FOR DAMAGES

JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
A Professional Corporation
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile:  (510) 729-6333

Attorneys for Plaintiff
CONSTANCE LONDON

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF MONTEREY

### UNLIMITED JURISDICTION

| | |
|---|---|
| CONSTANCE LONDON, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | ( Age Discrimination, Defamation, Wrongful Termination in Violation of Public Policy, Recovery of Unpaid Wages; Intentional Infliction of Emotional Distress) |
| SEARS ROEBUCK AND COMPANY, an Illinois corporation; and DOES 1 through XX | |
| Defendant (s). | [Gov. Code Sec. 12945.2] |

### GENERAL ALLEGATIONS

1.    At all times mentioned herein, Plaintiff was and is a resident of State of California, County of Monterey..

2.    At all times mentioned herein, Defendant SEARS ROEBUCK AND COMPANY . was a corporation  organized and existing  under the laws of the State of Illinois, and was doing business in State of California, County of Monterey, City of Salinas.

3.    Plaintiff is informed and believes, and thereon alleges, that the true names and capacities, whether individual, associate, corporate or otherwise of Defendants sued herein as Does 1 to XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

U70828 6                                    1              COMPLAINT FOR DAMAGES

1  Plaintiff is informed and believes, and thereon alleges, that the Defendants sued herein as "Does" are

2  legally and/or equitably culpable and liable for the actions complained of herein. Plaintiff will seek

3  leave of court to amend her complaint to allege the Does true names and capacities when the names

4  and capacities have been ascertained. At all times herein mentioned, Plaintiff is informed and

5  believes, and upon such basis alleges, that Does 1 to XX were the agents, servants and/or employees

6  of the other Defendants, and at all times herein mentioned were acting within the course and scope of

7  their agency and employment, and that the acts of each Defendant were ratified by the others.

8  4.    Plaintiff began working at Defendant on February 28, 2001 in the capacity of sales associate..

9  Plaintiff was at all times and in all respects an exemplary employee who was diligent at her duties.

10  5.    Plaintiff performed her duties while she was employed.

11  6.    Plaintiff was terminated February 1, 2007.

12  7.    The California Department of Fair Employment and Housing ("DFEH") issued its Right to

13  Sue Notice on August 24, 2007.

14                          **FIRST CAUSE OF ACTION**
15                               **(Age Discrimination)**

16  8.    Plaintiff herewith incorporates Paragraphs 1 through 7 as though fully set forth herein.

17  9.    Jurisdiction in this Court is invoked pursuant to Government Code Sections 12900, 12921,

18  12926, 12940 and 12965 (collectively called "FEHA"). Defendant is not exempted from the

19  statutes cited in this paragraph by any local, state, or federal laws.

20  10.    Plaintiff was at all times material hereto an employee governed by FEHA, prohibiting

21  discrimination in employment on the basis of age.

22  11.    Defendant is a corporation doing business in the State of California which at all times herein

23  regularly employed more than five employees, making it subject to suit for conduct prohibited

24  thereby.

25  12.    Plaintiff is a member of a class protected by FEHA because she is 74 years of age..

26  13.    Through its course of conduct, Defendants subjected Plaintiff to less favorable terms and

27

28  070828 6                              2              COMPLAINT FOR DAMAGES

1    conditions of employment than afforded similarly situated younger employees because of her age.

2    14.    Plaintiff further alleges the occurrence of continuous tortious conduct on the part of

3    Defendants , based on Plaintiff's age at all relevant times, up to and including her date of discharge.

4    15.    The Plaintiff was at all times otherwise qualified to perform the essential functions of her

5    employment position and satisfactorily did so.

6    16.    The managers of Defendant were either aware of the discrimination described herein and

7    took no action to prevent it and/or themselves actively participated in the discrimination.

8    17.    The acts complained of herein were either approved, condoned or taken by one or more

9    managing agents of Defendant, each of whom had the authority to make corporate policy and/or

10   direct a substantial portion of the Defendant's business.

11   18.    As a result of the aforementioned acts of discrimination, Plaintiff has suffered and is

12   continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount

13   which is currently unascertained.  Plaintiff will request leave of the Court to amend the Complaint to

14   state the amount of all such damages when they have been ascertained, or on proof at the time of

15   trial.

16   19.    As a result of the aforesaid acts of discrimination, Plaintiff has been held up to great derision

17   and embarrassment with fellow workers, friends, members of the community and family, and has

18   continued to suffer emotional distress because the Defendant demonstrated to the Plaintiff that it

19   would not recognize nor accept her as an employee solely because of her disability.  Plaintiff is

20   informed and believes and thereon alleges that the Defendant and its management acted deliberately

21   for purposes of injuring her. This information and belief is based, *inter alia*, on the fact that

22   Defendant discriminated against Plaintiff by terminating her. Defendants, by and through their agents

23   and employees, further acted intentionally and unreasonably because they knew or should have

24   known that their conduct was likely to result in additional, severe mental distress.  Plaintiff therefore

25   seeks damages for such emotional distress in an amount to be proven at time of trial.

26   20.    Because of the wrongful acts of Defendants as hereinabove alleged, Plaintiff has been and in

27

28   070828 6                                    3              COMPLAINT FOR DAMAGES

1  the future will be required to employee physicians and surgeons to examine, treat and care for her

2  and will incur additional medical expenses in an amount to be proven at time of trial.

3  21.    In doing the acts set forth above, Defendants acted as herein alleged with a conscious

4  disregard of Plaintiff's right to be free from discrimination because of disability. Defendants acted,

5  as alleged, with the malicious intention of depriving Plaintiff of benefits that must be accorded to all

6  employees regardless of their disability status. Defendant has retained employees and managers

7  known by it to be prejudiced against disabled employees. This conduct by Defendant was and is

8  despicable, cruel, and oppressive. Plaintiff is therefore entitled to an award of punitive damages in

9  an amount to be proven at trial.

10  22.    In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant

11  to Government Code Sec. 12965(b), she is entitled to and hereby requests an award of attorney's fees

12  and costs of suit.

13       WHEREFORE, Plaintiff prays judgment as hereinafter set forth.

14       **SECOND CAUSE OF ACTION**
         **(Wrongful Termination in Violation of Public Policy)**

15

16  23.    Plaintiff hereby incorporates Paragraphs 1 through 22 as though fully set forth herein.

17  24.    Jurisdiction is invoked in this Court pursuant to *Tameny v. Atlantic Richfield Company*

18  (1980) 27 Cal.3d 167.

19  25.    There is a fundamental public policy in this state and in this country in favor of preventing

20  discrimination on the basis of age: Government Code Section 12940. This is an action pursuant to

21  the common law of the State of California to recover damages for employment practices in violation

22  of a fundamental and well-established public policy.

23  26.    Defendant wrongfully terminated Plaintiff on February 1, 2007. Plaintiff was at all times an

24  employee who was diligent in her duties.

25  27.    Plaintiff's termination is in violation of the public policy against discrimination on the basis

26  of age. Defendant's actions, if allowed to stand, would frustrate said public policy.

27

28  070828 6                              4          COMPLAINT FOR DAMAGES

28.     As a result of her termination, Plaintiff has suffered, and will continue to suffer monetary damages as follows: losses of wages/salary, benefits and other employee compensation in an amount which is currently unascertained. Plaintiff's job history is now blemished because of Defendant's wrongful actions. Plaintiff herein faces a substantial diminution of her future earning capacity in an amount which is currently unascertained. Plaintiff will request leave of Court to state the amount of such damages when they have been unascertained, or upon proof at the time of trial.

29.     As a result of the foregoing actions, Plaintiff has been held up to great derision and embarrassment with the public, friends and family and has suffered and continues to suffer emotional distress. Defendants, by and through their managing agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct and intimidation was likely to result in severe mental distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

30.     Because of the wrongful acts of Defendants as hereinabove alleged, Plaintiff has been and in the future will be required to employee physicians and surgeons to examine, treat and care for her and will incur additional medical expenses in an amount to be proven at time of trial.

31.     In doing the acts set forth above, Defendant acted as herein alleged with a conscious disregard of Plaintiff's rights as an employee. The Defendant, by and through its managing agents, acted deliberately to injure Plaintiff. This conduct by Defendant was, and is, despicable, cruel and oppressive. For all of these reasons, Plaintiff is entitled to an award of punitive damages in an amount to be proven at the time of trial.

32.     The acts complained of herein were either approved, condoned or taken by one or more managing agents of Defendant, each of whom had the authority to make corporate policy and/or to direct a substantial portion of Defendant's business.

        WHEREFORE, Plaintiff prays judgment as hereinafter set forth

//

### THIRD CAUSE OF ACTION
**(Recovery of Unpaid Wages)**

33.  Plaintiff hereby incorporates Paragraphs 1 to 32, as though fully set forth herein.

34.  Beginning in February 28, 2001 in the capacity of sales associate, and continuing until February 1, 2007, Plaintiff was employed by Defendants, and each of them, at their facility in County of Monterey, City of Salinas..

35.  Plaintiff is owed wages in an amount to be proven.

36.  In addition, Plaintiffs had accrued paid time off pursuant to Labor Code Secs. 226.7 and 227.3.

37.  Pursuant to Labor Code Section 203, Plaintiff requests that the Court award her the statutory penalty for unpaid wages. Pursuant to Labor Code Section 226.3, Plaintiffs request the Court to award them the statutory penalty for failure to provide accurate pay stubs. Pursuant to Labor Code Section 218.5, Plaintiff requests the Court to award her reasonable attorney's fees and costs incurred by her in the instant action.

38.  Pursuant to Labor Code Section 218.6, Plaintiff requests that the Court award her interest on all due and unpaid wages at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages became due and payable.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Defamation)**

39.  Plaintiff hereby incorporates Paragraphs 1-38 as though fully set forth herein.

40.  The statements were published with express and implied malice on the part of all Defendants and with design and intent to injure Plaintiff in her good name, reputation, and employment.

41.  On or about February 5, 2007, Defendant through its agent Mike Peck accused Plaintiff of defrauding her employer by use of her employee discount card. The statement was false and defamatory. Plaintiff had used her discount card to buy a gift of clothes for her great granddaughter.

42.  As a proximate result of the defamatory statements made by Defendant, Plaintiff has suffered

070828 6                                    6                    COMPLAINT FOR DAMAGES

1  injury to her business, professional and personal reputation, embarrassment, humiliation and anguish

2  all to his damage in an amount according to proof.

3  43.    Defendant's conduct was oppressive, malicious, fraudulent and done in conscious disregard

4  of Plaintiff's rights, and justifies an award of punitive damages.

5         WHEREFORE, Plaintiff prays relief as hereinafter set forth.

6

7                                    **FIFTH CAUSE OF ACTION**
                             **(Intentional Infliction of Emotional Distress)**
8

9  44.    Plaintiff hereby incorporates Paragraphs 1-44 as though fully set forth herein.

10  45.    This is an action for damages pursuant to the common law of the State of California as

11  mandated by the California Supreme Court in the decision of *Rojo v. Kliger* (1990) 52 Cal.,3d 65.

12  46.    The facts set forth above constitute extreme and outrageous conduct by the Defendant toward

13  Plaintiff. This includes, but is not limited to, the following: terminating Plaintiff's employment

14  because of her age.

15  47.    Such extreme and outrageous acts did in fact cause Plaintiff severe emotional distress.

16  48.    As a proximate result of such extreme and outrageous acts, Plaintiff has suffered emotional

17  distress, humiliation, and embarrassment. Plaintiff's emotional distress has emerged in the form of

18  acute anxiety, sleeplessness, panic attacks, depression and becoming withdrawn. Plaintiff is

19  informed and believes that Defendant acted deliberately for the purpose of causing her to suffer

20  emotional distress. Defendant further acted intentionally and unreasonably because it knew that its

21  conduct was likely to result in and exacerbate severe mental distress. Plaintiff therefore seeks

22  damages for such emotional distress in an amount to be proven at the time of trial.

23  49.    As a result of her termination, Plaintiff has suffered, and will continue to suffer monetary

24  damages as follows: losses of wages/salary, benefits and other employee compensation in an amount

25  which is currently unascertained.   . Plaintiff herein faces a substantial diminution of her future

26  earning capacity in an amount which is currently unascertained. Plaintiff will request leave of Court

27

28  070828 6                                  7               COMPLAINT FOR DAMAGES

1    to state the amount of such damages when they have been unascertained, or upon proof at the time of

2    trial.

3    50.      Defendant committed the acts alleged herein maliciously, fraudulently and oppressively,

4    with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive

5    amounting to malice and in conscious disregard of Plaintiff's rights.

6    51.      This action is not preempted by the California Workers' Compensation Act because

7    discrimination in employment on the basis of disability is not a risk or condition of employment.

8          WHEREFORE, Plaintiff prays judgment as hereinafter set forth.

9                 **JURY TRIAL DEMANDED**

10    52.      Plaintiff hereby requests a jury trial for all claims.

11

12          WHEREFORE, Plaintiff prays relief as follows:

13       1.      Compensatory damages;

14       2.      For economic damages including losses incurred in seeking substitute employment and

15            loss of earnings, deferred compensation and other employment benefits, lost

16            investment earnings, together with other economic losses, in an amount to be awarded

17            by the Court;

18       3.      For interest on the amount of losses incurred in earnings, deferred compensation and

19            other employee benefits at the prevailing legal rate;

20       4.      For damages for emotional distress;

21       5.      For punitive damages;

22       6.      For costs of suit herein incurred; and

23       7.      For such other and further relief as the Court may deem proper.

24    Dated: 8/27/07              LAW OFFICES OF JOHN E. HILL

25

26                     By: _____

27                     MICHAEL P. GUTA
                       Attorneys for Plaintiffs

28    070828 6                       8          COMPLAINT FOR DAMAGES

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
MICHAEL P. GUTA, SBN 121509
c/o Law Offices of John E. Hill, Prof. Corp, 8105 Edgewater Drive, #100
Oakland, CA 94621
TELEPHONE NO: (510) 588-1000   FAX NO: (510) 729-6333
ATTORNEY FOR (Name): CONSTANCE LONDON, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME:

CASE NAME:
LONDON v. SEARS ROEBUCK, et al.

**FOR COURT USE ONLY**

**FILED**

AUG 3 0 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
J. NICHOLSON   DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: M86095 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): Three (3)

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/29/07

MICHAEL P. GUTA
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2000]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| London, Constance,<br>    Plaintiff/Petitioner<br><br>vs.<br><br>Sears Roebuck and Co,<br>    Defendant/Respondent | **FILED**<br>AUG 3 0 2007<br>LISA M. GALDOS<br>CLERK OF THE SUPERIOR COURT<br>DEPUTY<br>**J. NICHOLSON** |
| **CASE MANAGEMENT NOTICE** | Case No. M86095 |

**Case Management Conference Date: March 13, 2008 at 9:00 a.m.**

1.  NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than: 30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2.  No party may stipulate to extend any of the dates set above.

3.  At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4.  On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

    a.  refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;

    b.  identify the case as one which may be protracted and in need of special attention;

    c.  assign the case to a particular judge for all purposes;

    d.  assign a mandatory settlement conference and trial date;

    e.  make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;

    f.  make appropriate Trial Management Orders; and/or

    g.  make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5.  It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint. It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6.  Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7.  It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

BY ORDER OF THE PRESIDING JUDGE

**J. NICHOLSON**

Date: August 30, 2007                    By: _____

Deputy Clerk

11618969.tif - 9/13/2007 11:48:02 AM

# Alternative Dispute Resolution

## OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

**Advantages of ADR**
Here are some potential advantages of using ADR:

- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

**What Are the ADR Options?**
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional)<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY**<br>MAILING ADDRESS: 1200 Aguajito Road<br>CITY AND ZIP CODE: Monterey, CA 93940 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **Request to Vacate or Continue Initial<br>Case Management Conference and Order** | Case Number: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

---

▸ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.

▸ PER LOCAL RULE 6.08(g), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

---

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check as one]:

   ☐ Court-Directed mediation          ☐ Private mediation                    THE
   ☐ Nonbinding judicial arbitration   ☐ Private arbitration
   ☐ Other:

   **PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.** Further Case Management Conference is requested

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants. Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8. Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9. All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III. Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:

_____

_____

_____ Further Case Management Conference is requested.

_____
Counsel for Plaintiff (print name)

_____
Signature

_____
Counsel for Plaintiff (print name)

_____
Signature

_____
Counsel for Defendant (print name)

_____
Signature

_____
Counsel for Defendant (print name)

_____
Signature

*For additional parties, attach additional signature pages as needed.*

Good Cause appearing, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated.

☐ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

☐ Receipt of Dismissal is set for _____.

☐ Further Case Management Conference is set for _____
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

**PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.**

Dated: _____

_____
*Judge of the Superior Court*

# EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
09/17/2007
CT Log Number 512595290

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**   Legal Intake B6-263B
Sears, Roebuck and Co
3333 Beverly Road
Hoffman Estates, IL 60179-

**RE:**   **Process Served in California**

**FOR:**   Sears, Roebuck and Co. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Constance London, Pltf. vs. Sears Roebuck and Company. etc . et al . Dfts |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Trial Demanded, Cover Sheet. Case Management Notice, Attachment(s). Request Form |
| **COURT/AGENCY:** | Monterey County. Monterey, Superior Court, CA<br>Case # M86095 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System. Los Angeles. CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/14/2007 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 3/13/2008 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Michael P. Guta<br>Law Offices of John E. Hill<br>8105 Edgewater Drive<br>Oakland, CA 94621<br>510 588 1000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 791389891941<br>Email Notification. Legal Intake B6-263B legalint@searshc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles. CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Sears Holdings Corp.
Law Dept. Intake

SEP 18 2007

Routed MARY SHIGIELSKI

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date. or any information contained in the documents themselves Recipient is responsible for interpreting said documents and for taking appropriate action Signatures on certified mail receipts confirm receipt of package only. not contents.

**PLD-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| DENNIS M. BROWN, SBN126575 <br> TODD K. BOYER, SBN 203132 <br> LITTLER MENDELSON <br> 50 W. San Fernando Street, 14th Floor, San Jose, CA 95113 | 408- 998-4150 | |

ATTORNEY FOR *(Name):* Defendant SEARS ROEBUCK AND CO.

| NAME OF COURT: | SUPERIOR COURT |
|---|---|
| STREET ADDRESS: | 1200 Aguajito Road |
| MAILING ADDRESS: | Same |
| CITY AND ZIP CODE: | Monterey, CA 93940 |
| BRANCH NAME: | |

**FILED**

OCT 0 3 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
C. WILLIAMS, DEPUTY

PLAINTIFF: CONSTANCE LONDON

DEFENDANT: SEARS ROEBUCK AND COMPANY, an Illinois corporation, and DOES I through XX

| GENERAL DENIAL | CASE NUMBER: <br> M86095 |
|---|---|

---

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

---

1.  DEFENDANT (name): SEARS, ROEBUCK AND CO.
    generally denies each and every allegation of plaintiff's complaint.

**BY FAX**

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
    See attached

Date: October 3, 2007

TODD K. BOYER
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**

Code Civ. Procedure, §§ 431.30, 431.40 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com

**PLD-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| DENNIS M. BROWN, SBN126575<br>TODD K. BOYER, SBN 203132<br>LITTLER MENDELSON<br>50 W. San Fernando Street, 14th Floor, San Jose, CA 95113 | 408- 998-4150 | |

ATTORNEY FOR *(Name):* Defendant SEARS ROEBUCK AND CO.

NAME OF COURT: **SUPERIOR COURT**
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME:

PLAINTIFF: CONSTANCE LONDON

DEFENDANT: SEARS ROEBUCK AND COMPANY, an Illinois corporation, and
DOES I through XX

| **GENERAL DENIAL** | CASE NUMBER:<br>M86095 |
|---|---|

---

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is
$1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts,
   EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third
party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

---

1. DEFENDANT (name): SEARS, ROEBUCK AND CO.
   generally denies each and every allegation of plaintiff's complaint.

2. ☒  ·DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional
   pages if necessary):*
   See attached

Date: October 3, 2007

TODD K. BOYER
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

---

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading
called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's
attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Page 1 of 2

**GENERAL DENIAL**

Code Civ. Procedure, §§ 431.30, 431.40
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

**CONSTANCE LONDON v. SEARS ROEBUCK AND COMPANY**
**MONTEREY SUPERIOR COURT CASE NO. M86095**

## ATTACHMENT TO GENERAL DENIAL

### AFFIRMATIVE DEFENSES

1.    FOR AND AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2.    FOR AND AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AND SECOND CAUSES OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to timely exhaust her administrative remedies with the California Department of Fair Employment and Housing as set out in California Government Code section 12960, and such failure bars the Plaintiff's Complaint with regard to any cause of action brought pursuant to the California Fair Employment and Housing Act.

3.    FOR AND AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant is informed and believes that Plaintiff's causes of action are barred by the applicable statute of limitations, as set forth in the California Code of Civil Procedure, including but not limited to, sections 335.1, 338, 340, California Government Code sections 12960 and 12965, and Labor Code section 203.

4.    FOR AND AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that Defendant's conduct was privileged and justified.

5.    FOR AND AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AND SECOND CAUSES OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that all actions with regard to Plaintiff (1) were made for legitimate, nondiscriminatory business reasons, (2) were based on reasonable factors, and (3) were a

TTLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
14th Floor
an Jose, CA 95113-2303
408.998.4150

Firmwide:83190617.1 053194.1004

AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)

1    just and proper exercise of management discretion undertaken for a fair and honest reason, not

2    prohibited by law.

3          6.     FOR AND AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

4    EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

5    Defendant alleges that the allegations contained in the Plaintiff's Complaint fail to state facts

6    sufficient to constitute a claim upon which attorney's fees may be sought.

7          7.     FOR AND AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

8    TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

9    Defendant alleges that the allegations contained in the Plaintiff's Complaint fail to state facts

10   sufficient to constitute a claim upon which punitive damages may be sought.

11         8.     FOR AND AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

12   TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, to

13   the extent that Plaintiff claims that she has suffered emotional distress damages due to Defendant's

14   alleged conduct, Defendant alleges that the court lacks jurisdiction of this matter, as Plaintiff's

15   claims are barred by the exclusive remedy provision of the California Workers' Compensation Act,

16   California Labor Code sections 3200, et seq.

17         9.     FOR AND AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

18   EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

19   Defendant is informed and believes, and based upon such information and belief alleges, that

20   Plaintiff has failed to mitigate damages alleged in the Complaint.

21         10.    FOR AND AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE

22   TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

23   Defendant alleges that to the extent during the course of this litigation Defendants acquire any

24   evidence of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms

25   and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

26   disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or

27   damages or shall reduce such claim or damages as provided by law.

28

ITTLER MENDELSON
PROFESSIONAL CORPORATION
) West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408.998.4150

Firmwide:83190617.1 053194.1004          2.

AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)

1    11.    FOR AND AS AN ELEVENTH SEPARATE AND AFFIRMATIVE

2  DEFENSE TO THE THIRD CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

3  Defendant alleges that the alleged defamatory statement complained of in Plaintiff's Complaint was

4  not published to any third party.

5    12.    FOR AND AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

6  TO THE THIRD CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

7  alleges that it was privileged to make the alleged defamatory statement complained of in Plaintiff's

8  Complaint and did so without malice.

9    13.    FOR AND AS A THIRTEENTH SEPARATE AND AFFIRMATIVE

10  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S

11  COMPLAINT, Defendant alleges that at all times relevant, Defendant Sears, Roebuck and Co.

12  promulgated an anti-discrimination and anti-harassment policy and complaint procedure which was

13  communicated to the Plaintiff, and Defendant exercised reasonable care to prevent and correct

14  promptly any inappropriate conduct.  Plaintiff unreasonably failed to take advantage of the

15  established complaint procedures, failed to take advantage of other preventative or corrective

16  opportunities provided by Defendant and otherwise failed to avoid harm.

17    14.    FOR AND AS A FOURTEENTH SEPARATE AND AFFIRMATIVE

18  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S

19  COMPLAINT, Defendant alleges that Plaintiff's claim for penalties, including waiting time

20  penalties under Labor Code section 203, is barred because: (1) a good faith, *bona fide* dispute exists

21  or existed as to whether additional compensation is or was owing;  (2) Defendant has not willfully

22  failed to pay such additional compensation; and (3) to impose penalties in this action would be

23  inequitable and unjust.

24    15.    FOR AND AS A FIFTEENTH SEPARATE AND AFFIRMATIVE

25  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S

26  COMPLAINT, Defendant alleges that Plaintiff lacks a private right of action to bring her claims in

27  court for penalties pursuant to California Labor Code section 226.7.

28

TTLER MENDELSON
Professional Corporation
West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408 998.4150

Firmwide:83190617.1 053194.1004

3.

AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)

1    16.    FOR AND AS A SIXTEENTH SEPARATE AND AFFIRMATIVE

2    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S

3    COMPLAINT, Defendant alleges that Plaintiff has been paid any and all alleged earned and/or past-

4    due overtime wages.

5    17.    FOR AND AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE

6    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S

7    COMPLAINT, Defendant alleges that Plaintiff could have, through diligence, found other

8    employment and taken other action which would have mitigated his damages, and he had an

9    affirmative duty to do so, which was breached by his failure to find other employment and take other

10   action upon the cessation of his employment with Defendant.

11   18.    FOR AND AS A EIGHTEENTH SEPARATE AND AFFIRMATIVE

12   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S

13   COMPLAINT, Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary

14   damages as prayed for in the Complaint on the grounds that any award of punitive damages or

15   exemplary damages under California law in general and/or as applied to the facts of this case would

16   violate Defendant's constitutional rights under provisions of the United States and California

17   Constitutions, including, but not limited to, the Equal Protection and Due Process Clauses of the

18   Fifth and Fourteenth Amendments; the Excessive Fines and Cruel and Unusual Punishment Clauses

19   of the Eighth Amendment; and Article I, Sections 7 and 17, and Article IV, Section 16 of the

20   California Constitution.

21        Defendants have no independent knowledge, as of the filing of this general denial, of

22   all facts allegedly constituting the causes of action in the Complaint, and, based thereon, hereby

23   respectfully request leave of Court to amend this Answer to include those affirmative defenses that

24   are revealed during the course of Defendants' discovery.

25

26

27

28

TTLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
14th Floor
an Jose, CA  95113.2303
408.998.4150

Firmwide:83190617.1 053194.1004            4.

AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)

**PLD-050**

| PLAINTIFF *(name):* CONSTANCE LONDON | CASE NUMBER: |
|---|---|
| DEFENDANT *(name):* SEARS, ROEBUCK AND CO. | M86095 |

## PROOF OF SERVICE
☐ **Personal Service**    ☒ **Mail**

A General Denial may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Service is made in one of the following ways:
- (1) Personally delivering a copy to the attorney for the other party or, if no attorney, to the other party.
    - OR
- (2) Mailing a copy, postage prepaid, to the last known address of the attorney for the other party or, if no attorney, to the other party.

Be sure whoever serves the General Denial fills out and signs a proof of service. File the proof of service with the court as soon as the General Denial is served.

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. I served a copy of the General Denial as follows *(check either a or b):*

  a. ☐  **Personal service.** I personally delivered the General Denial as follows:
    (1) Name of person served:
    (2) Address where served:



    (3) Date served:
    (4) Time served:

  b. ☒  **Mail.** I deposited the General Denial in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed and mailed as follows:
    (1) Name of person served: Michael P. Guta, Esq.
    (2) Address:
        Law Offices of John E. Hill
        8105 Edgewater Drive, Suite 100
        Oakland, CA 94621
    (3) Date of mailing: October 3, 2007
    (4) Place of mailing *(city and state):* San Jose, CA
    (5) I am a resident of or employed in the county where the General Denial was mailed.

  c. My residence or business address is *(specify):*
     50 W. San Fernando Street, 14th Floor
     San Jose, CA 95113

  d. My phone number is *(specify):* 408-998-4150

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 3, 2007

Mary A. Jones
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE GENERAL DENIAL)

► *Mary A. Jones*
_____
(SIGNATURE OF PERSON WHO SERVED THE GENERAL DENIAL)

**GENERAL DENIAL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkflow.com

Print | Close Window

# One Legal Order Receipt

## Order Number: 1579556

(Note - If you submitted multiple orders, please refer to your specific order number shown below in the "Orders" section)

Thank you for choosing One Legal, Inc. If you have any questions about this order, please contact our Monterey Branch.

Phone: 831-655-3114
Fax: 831-655-3441

### DO *NOT* FAX THIS ORDER RECEIPT WITH YOUR DOCUMENTS
### THIS IS FOR YOUR RECORDS ONLY

### Order Detail

Order Type: File Only
Date Time Submitted: 10/03/2007 11:42 AM
Client File #: 053194.1004
Contact Name: Mary A Jones
Attorney Name: none
Email Notification: Contact

### Case Information

Court Branch: Superior Court of Monterey County
Court Name: Monterey (MONTEREY)
Court City/Zip: Monterey 93940
Plaintiff: Constance London
Defendant: Sears Roebuck and Company
Representing: Defendant
Case No: M86095
Hearing Date:
Hearing Time:
Hearing Dept/Rm:

### Documents

| Document Type | Document Name | Pages Uploaded | Pages to Fax | Total Pages |
|---|---|---|---|---|
| Answer | General Denial | 6 | 0 | 6 |

### Special Instructions:
Please advance first appearance fee of $320.00

### Orders:
**Filing Order No.** 1579556
On Demand: No

## PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 5, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

in a sealed envelope, postage fully paid, addressed as follows:

Michael P. Guta, Esq.
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 5, 2007, at San Jose, California.

_Mary A. Jones_
Mary A. Jones

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:83222489.1 053194.1004

PROOF OF SERVICE