IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Constance London, | NO. C 07-05148 JW |
| Plaintiff, v. | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Sears, Roebuck & Company, | |
| Defendant. | |

## I. INTRODUCTION

Constance London ("Plaintiff") brings this diversity action against Sears, Roebuck and Co. ("Defendant" or "Sears"), alleging, *inter alia*, violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code §§ 12900, *et seq.*, and wrongful termination. Plaintiff alleges that Defendant improperly terminated her after she purchased baby clothes for her great granddaughter using her employee discount card.

Presently before the Court are the parties' cross-motions for summary judgment.[1] The Court conducted a hearing on March 16, 2009. Based on the papers submitted to date and oral argument, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment.

---

[1] (Plaintiff's Points and Authorities in Support of Motion for Summary Adjudication, hereafter, "Plaintiff's Motion," Docket Item Nos. 35, 36; Defendant Sears, Roebuck and Co.'s Notice of Motion and Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, hereafter, "Defendant's Motion," Docket Item No. 42.)

## II.  BACKGROUND

**A.    Undisputed Facts**

On February 28, 2001, Plaintiff began working for Defendant as a sales associate; she was 68 years old.[2]  Plaintiff worked for Defendant for six years, and was always paid on a commission basis.  (London Depo. at 55-56.)  Through her job as a sales associate, Plaintiff had a Sears Associate Discount Card ("Discount Card"), which she could use to obtain discounts on merchandise purchased in one of Defendant's stores.  (Id. at 164-165, 212-13.)  Defendant's Discount Card policy limited the use of Discount Cards to "personal use."  (London Depo., Ex. 19 at 28.)  Defendant's employees are allowed to purchase gifts with their Discount Card, but are prohibited from accepting reimbursements or making purchases that are not for their own personal use.  (Id., Ex. 19 at 28, Ex. 23.)

On January 29, 2007, Plaintiff received a gift card from her granddaughter in Defendant's store and used the gift card in conjunction with her Discount Card to purchase baby clothes for her great granddaughter.[3]  A few days later, Plaintiff was fired for improper use of her Discount Card because Defendant believed that she had used her employee discount with someone else's gift card.[4]

**B.    Procedural History**

Plaintiff filed this action on August 3, 2007 in the Superior Court of California, County of Monterey.  (Notice of Removal, Ex. A, Docket Item No. 1.)  Plaintiff alleges five causes of action: (1) Age Discrimination under the FEHA; (2) Wrongful Termination in Violation of Public Policy; (3) Recovery of Unpaid Wages; (4) Defamation; and (5) Intentional Infliction of Emotional Distress.

---

[2] (Declaration of Todd Boyer in Support of Defendant's Motion for Summary Judgment, Ex. A, hereafter, "London Depo.," Docket Item No. 49.)

[3] (Declaration of Constance London in Support of Motion for Summary Adjudication ¶ 4, hereafter, "London Decl.," Docket Item No. 38; Declaration of Luz Yanez in Support of Defendant's Motion for Partial Summary Judgment ¶ 3, hereafter, "Yanez Decl.," Docket Item No. 44.)

[4] (London Decl. ¶ 6; Declaration of Michael Peck in Support of Defendant's Motion for Summary Judgment ¶¶ 8-9, hereafter, "Peck Decl.," Docket Item No. 48.)

On October 5, 2007, Defendant removed this action to federal court based on diversity jurisdiction. (Id.)

### III. STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact." Id. at 323. The non-moving party must then identify specific facts "that might affect the outcome of the suit under the governing law," thus establishing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

Although the district court has discretion to consider materials in the court file not referenced in the opposing papers, it need not do so. See Carmen v. San Francisco Unified School District, 237

3

1 F.3d 1026, 1028-29 (9th Cir. 2001). "The district court need not examine the entire file for evidence
2 establishing a genuine issue of fact." Id., at 1031. However, when the parties file cross-motions for
3 summary judgment, the district court must consider all of the evidence submitted in support of both
4 motions to evaluate whether a genuine issue of material fact exists precluding summary judgment
5 for either party. The Fair Housing Council of Riverside County, Inc. v. Riverside Two, 249 F.3d
6 1132, 1135 (9th Cir. 2001).

## IV.  DISCUSSION

Plaintiff moves for summary judgment on her Second Cause of Action for wrongful termination in violation of public policy. Defendant moves for summary judgment on all of Plaintiff's causes of action. The Court considers Plaintiff's causes of action in turn.

**A.    First Cause of Action:  Age Discrimination in Violation of FEHA**

Defendant moves for summary judgment on Plaintiff's FEHA claim on the ground that Plaintiff cannot produce any evidence creating a triable issue of fact as to whether she was discriminated against on the basis of her age. (Defendant's Motion at 9-10.)

"A person suffers disparate treatment in [his or her] employment when he or she is singled out and treated less favorably than others similarly situated on account of race." Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006). To prevail on a claim of discrimination based on disparate treatment, a plaintiff must first establish a prima facie case that gives rise to an inference of unlawful discrimination. If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, then the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003). The McDonnell Douglas burden-shifting framework is also applicable to claims of discrimination pursuant to California law under FEHA. See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 354 (2000).

4

A plaintiff may establish a prima facie case of disparate treatment by showing that: (1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) her employer treated her differently than a similarly situated employee who does not belong to the same protected class. Cornwell, 439 F.3d at 1028 (citing McDonnell Douglas Corp., 411 U.S. at 802)). The only significant difference in the FEHA analysis is that, to establish a prima facie case, a plaintiff must demonstrate some other circumstances which suggest discriminatory motive. See Guz, 24 Cal. 4th at 355. "The requisite degree of proof necessary to establish a prima facie case . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." Cordova v. State Farm Ins. Co., 124 F.3d 1145, 1148 (9th Cir. 1997).

Since the four requirements of establishing a prima facie case under the McDonnel Douglas test are conjunctive, the Court first considers the evidence presented regarding the fourth factor, as it may be dispositive. Here, to show that Plaintiff cannot meet her burden of establishing a prima facie case, Defendant produces excerpts of Plaintiff's deposition testimony in which she repeatedly answers "No" when asked if she ever heard other Sears employees making comments about her age. (See London Depo. at 123, 131, 141-47, 248-50.)

Defendant also provides evidence regarding the events leading up to Plaintiff's termination. Luz Yanez, Defendant's Loss Prevention Detective and David Jackson, Defendant's Manager, observed Plaintiff taking a gift card and baby clothes from a female customer, walking to a register in another department of the store and using the gift card and her Discount Card to purchase the baby clothes. (Yanez Decl. ¶ 3; Boyer Decl., Ex. D at 18-19.) Yanez and Jackson also declare that they observed Plaintiff handing the baby clothes and gift card back to the female customer. (Yanez Decl. ¶ 3; Boyer Decl., Ex. D at 20.) Nathan Tate, Defendant's Loss Prevention Assistant Manager, conducted a subsequent investigation.[5] Tate learned that the gift card used by Plaintiff was issued

---

[5] (Declaration of Nathan Tate in Support of Defendant's Motion for Summary Judgment ¶¶ 3, hereafter, "Tate Decl.," Docket Item No. 46.)

5

1  by a store in Pleasanton, California at the same time that Plaintiff was working at the store in
2  Salinas, California. (Tate Decl. ¶ 3.) Tate conducted an interview of Plaintiff, during which she
3  initially denied using her Discount Card, but later admitted she had used it. (Tate Decl. ¶ 6.) Tate
4  presented the results of his investigation to Michael Peck, Defendant's General Manager at the
5  location where Plaintiff was employed, who determined that Plaintiff had violated Defendant's
6  Discount Card Policy and therefore terminated her employment. (Peck Decl. ¶ 8.)

7  Plaintiff attempts to rebut Defendant's evidence in three ways. First, Plaintiff provides the
8  deposition testimony of her former supervisor John Ely, who admitted that Plaintiff had informed
9  him that she owned the gift card that was used in conjunction with her Discount Card.[6] Second,
10 Plaintiff provides the 30(b)(6) deposition testimony of Michael Peck, in which Peck admits that
11 Defendant does not have a policy regarding the use of gift cards by associates. (Guta Opposition
12 Decl., Ex. J at 52.) Third, Plaintiff provides her own declaration stating that Michael Peck was rude
13 and did not acknowledge her when she said good morning. (London Decl. ¶ 2.) Plaintiff further
14 states that, after she explained to Peck that it would be polite for him to say "good morning," he
15 appeared angry and afterwards would leave the entrance door of the store open when it was cold
16 despite her being over 70 years old. (Id.)

17 Plaintiff's evidence fails to establish that she was treated differently on account of her age.
18 First, Ely's testimony that Plaintiff told him she owned the gift card does not suggest that her
19 termination for misuse of her Discount Card was pretextual. Ely's testimony is only evidence of
20 what Plaintiff told her supervisor. Plaintiff does not connect this testimony with evidence tending to
21 show that her supervisor did not believe her story because of her age. Similarly, Defendant's lack of
22 a policy regarding associates' use of Sears gift cards does not establish that the grounds for
23 Plaintiff's termination was pretextual. Defendant's evidence shows that it terminated Plaintiff
24 because it found that she violated the *Discount Card* policy, not the *gift card* policy. The lack of a

---

[6] (Declaration of Michael P. Guta in Opposition to Motion for Summary Judgment, Ex. K, hereafter, "Guta Opposition Decl.," Docket Item No. 74.)

6

1  gift card policy is irrelevant to whether Defendant had a discriminatory motive.  Finally, Plaintiff's
2  declaration that her store manager, Michael Peck, refused to greet Plaintiff in the morning and would
3  leave the entrance door open when it was cold does not show she was treated differently than other
4  similarly situated employees.  Plaintiff provides no evidence as to how other employees were treated
5  relative to her.

6        The Court finds that Plaintiff has failed to produce specific facts to raise triable issues as to
7  whether Defendant treated her differently than a similarly situated employee who does not belong to
8  the same protected class.  The evidence submitted by Plaintiff are not the type of evidence that
9  "might affect the outcome of the suit" because they are unrelated and irrelevant conjectures.  Fed.
10 R. Civ. P. 56(e).  Thus, the Court finds that Plaintiff has failed to establish a prima facie case of age
11 discrimination in violation of the FEHA.

12       Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to
13 Plaintiff's First Cause of Action for age discrimination.

14 **B.**     **Second Cause of Action:  Wrongful Termination in Violation of Public Policy**

15       Plaintiff moves for summary judgment on her wrongful termination claim on the ground that
16 there are no genuine issues of material fact as to whether Plaintiff was fired in violation of her
17 fundamental right under California law to use a gift card.  (Plaintiff's Motion at 5.)  Defendant
18 moves for summary judgment on the ground that Plaintiff cannot establish that she was terminated
19 in violation of a public policy because there is no evidence that she was terminated for using a gift
20 card.[7]  (Defendant Sears, Roebuck, and Co.'s Reply Brief in Support of Its Motion for Summary
21 Judgment, hereafter, "Reply," Docket Item No. 79.)

22       To prevail on a claim for wrongful discharge in violation of public policy, a plaintiff must
23 prove (1) an employer-employee relationship; (2) the termination of plaintiff's employment was a
24 violation of public policy; (3) the termination was a legal cause of plaintiff's damage; and (4) the

---

[7] Defendant also contends that Plaintiff cannot show that she was fired because of her age. (Defendant's Motion at 16.)  However, in light of the above discussion concerning Plaintiff's First Cause of Action, the Court need not further consider Plaintiff's evidence of age discrimination.

7

1 nature and extent of plaintiff's damage. Holmes v. Gen. Dynamics Corp., 17 Cal. App. 4th 1418,
2 1427 n.8 (1993). An employer can rebut evidence that it terminated a plaintiff in violation of public
3 policy by showing that it acted in good faith and with a reasonable belief that good cause for
4 terminating plaintiff existed. Cotran v. Rollins Hudig Hall Int'l, Inc., 17 Cal. 4th 93, 103 (1998).

5 Here, the public policy Plaintiff relies on is Cal. Civ. Code § 1749.6(a) which provides, in
6 relevant part, that a "gift certificate constitutes value held in trust by the issuer of the gift certificate
7 . . . . The value represented by the gift certificate belongs to the beneficiary, or the legal
8 representative of the beneficiary." According to Plaintiff, since the value of a gift card belongs to
9 the "beneficiary" or the "legal representative of the beneficiary," an issuer of a gift certificate cannot
10 lawfully limit its use to the actual purchaser of the gift card. (Plaintiff's Motion at 5-6.) Thus, since
11 Plaintiff had a right under § 1749.6(a) to use the gift card, Defendant violated this policy by
12 terminating her in connection with that use. (Plaintiff's Motion at 6-7.)

13 However, Plaintiff concedes that it "is undisputed that [D]efendant terminated [P]laintiff . . .
14 claiming that she improperly used her Associate Discount Card when she made a purchase of a gift
15 after receiving a gift card from her granddaughter . . . ." (Plaintiff's Motion at 5.) Further,
16 Defendant presents evidence that, after conducting an investigation, it determined in good faith that
17 Plaintiff had violated the Sears' Discount Card policy. (See London Depo. at 167-72, 217-19; Tate
18 Decl. ¶¶ 3-5; Peck Decl. ¶ 8; Boyer Decl., Ex. B at 25, 29-30.) The Court finds that the evidence is
19 clear that Plaintiff was terminated because she violated Defendant's *internal* Associate Discount
20 Card policy. Thus, Plaintiff cannot rely on the California gift card policy to assert her claim for
21 wrongful termination.

22 Since the Court has found that Plaintiff has failed to make a prima facie showing that
23 Defendant discriminated against her because of her age, and that Plaintiff's reliance on the
24 California gift card policy is unavailing, there is no predicate public policy upon which Plaintiff can
25 base her wrongful termination claim.

28 8

1   Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment on Plaintiff's
2 Second Cause of Action.

**C.  Third Cause of Action:  Recovery of Unpaid Wages**

Plaintiff's wage claims are based on violations of Cal. Lab. Code §§ 201 and 226.  (Notice of Removal, Ex. A ¶¶ 37-38.)  Defendant moves for summary judgment on the following grounds:  (1) Plaintiff was not entitled to her commission on the day she was terminated because she had not yet earned it; (2) Plaintiff's unpaid wages claims are based on events that occurred in 2004 and are thus barred by the statute of limitations; and (3) Defendant is not required to provide an actual copy of Plaintiff's pay stubs under Cal. Lab. Code. § 226.  (Defendant's Motion at 19-21; Defendant's Reply at 15.)

**1.   Section 201**

With respect to Plaintiff's claim under § 201, Defendant contends that Plaintiff signed a contract on the date of her termination under which she agreed to be paid her remaining commission at the end of the next period.  (Defendant's Motion at 21.)

Under Cal. Lab. Code § 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Under California law, commission-based wages are not earned until all conditions precedent for receiving the commission are satisfied.  Division of Labor Standards v. Dick Bullis, Inc., 72 Cal. App. 3d Supp. 52, 36 (1977).  Thus, determining when a commission is earned "is dependent upon the terms of [an employee's] contract for compensation."  Id.  However, an employee's right to receive all wages earned on her last date of employment cannot be waived by contract.  Cal. Lab. Code. § 206.5.

Here, Plaintiff's claim has two bases.  Plaintiff contends that she was never paid wages for certain hours worked and that she was entitled to receive her entire outstanding commission on the date of her termination.  With respect the first theory, Defendant presents evidence that, other than Plaintiff's commission wages, Plaintiff's claim that she was never paid certain wages concerns only work performed prior to May 6, 2004.  (London Depo. at 63-64; 231-35; Boyer Decl., Exs. I, J.)

9

Plaintiff does not provide any evidence indicating Defendant failed to pay her on any other occasion. The statute of limitations for wage claims under § 201 is three years. Cal. Civ. Code § 338. Plaintiff filed this action on August 3, 2007. Thus, the Court finds that Plaintiff may not recover for any wages she claims she was not paid prior to August 3, 2004.

Second, with respect to Plaintiff's commission that was paid after she was terminated in January 2007, Defendant provides the statement signed by Plaintiff on the date of her termination showing that she agreed to collect her commission on the last date of the following pay period. (London Depo. Ex. 35.) According to Defendant, this statement constitutes a contract under which Plaintiff agreed that she had not yet earned her commission. However, it is unclear whether the statement is an actual contract. Further, the statement does not set out any conditions precedent concerning when Plaintiff's commission is "earned." The statement merely provides that Plaintiff agrees she was "not forfeiting [her] commission," and that she would receive her commission pay during the next "normal payroll distribution day." (Id.) Thus, the Court finds this statement is insufficient evidence to determine whether Plaintiff was owed her commission on the date she was terminated.

**2.    Section 226**

With respect to Plaintiff's § 226 claim, Defendant contends that it provided Plaintiff with the required information. (Defendant's Reply at 14.)

Under Cal. Lab. Code § 226(a), an employer is required to provide its employees "semimonthly or at the time of each payment of wages" with certain enumerated information, including gross wages earned, total hours worked and all deductions.

In this case, Plaintiff attaches a document to the declaration of Plaintiff's counsel an itemized list containing the information required by § 226(a). (See Guta Decl., Ex. I.) Defendant contends that there can be no genuine issue of material fact that Plaintiff received the information required under § 226 since Plaintiff herself has produced such evidence. (Defendant's Reply at 15.) However, the declaration of Plaintiff's counsel explains that "On December 19, 2008, I made a

1  request of [D]efendant to produce the records specified in the California Labor Code § 226. On
2  January 13, 2009, [D]efendants [sic] counsel Todd Boyer produced [Exhibit I.]." Thus, there is no
3  evidence indicating that Defendant provided Plaintiff with the necessary information "at the time"
4  that Plaintiff received her payments. Specifically, there is no evidence in the record indicating that
5  Plaintiff received this information when she was paid her commission after being terminated. Thus,
6  the Court finds that there are triable issues of fact as to whether Defendant complied with § 226(a).
7  Accordingly, the Court DENIES Defendant's Motion for Summary Judgment as to Plaintiff's
8  Third Cause of Action.

9  **D.    Fourth Cause of Action:  Defamation**

10  Defendant moves for summary judgment on Plaintiff's defamation claim on the ground that,
11  *inter alia*, Defendant's communications to its employees concerning Plaintiff's termination are
12  privileged against liability for defamation. (Defendant's Motion at 18-19.)
13  "Defamation is an invasion of the interest in reputation. The tort involves the intentional
14  publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or
15  which causes special damage." Ringler Associates Inc. v. Maryland Cas. Co., 80 Cal. App. 4th
16  1165, 1179 (2000). "Publication, which may be written or oral, is defined as a communication to
17  some third person who understands both the defamatory meaning of the statement and its application
18  to the person to whom reference is made." Id. Publication to a single individual is sufficient to
19  satisfy the publication element of a defamation claim. Id.; see Smith v. Maldonado, 72 Cal. App. 4th
20  637, 645 (1999); see also Cal. Civ. Code § 46.
21  Cal. Civ. Code § 47(c) extends a conditional privilege against defamation claims to
22  communication made without malice on a subject of mutual interest. "[B]ecause an employer and its
23  employees have a common interest in protecting the work place from abuse, an employer's
24  statements to employees regarding the reasons for termination of another employee generally are
25  privileged." King, 152 Cal. App. 4th at 440; see also Fisher v. Lucky Stores, Inc., No. C 93-1019
26  FMS, 1994 WL 125104, at *6 (N.D. Cal. Apr. 4, 1994).

28  11

In this case, Plaintiff's defamation claim centers on Defendant's allegedly false statements made to Plaintiff and other Sears employees that Plaintiff received money from a woman and used it to make a purchase in conjunction with her Discount Card.[8]  Any statements concerning Plaintiff taking money from someone and subsequently being fired are privileged communications as long as they are not made with malice.  Here, Plaintiff fails to provide any evidence tending to show that Defendant made such statements with malice.  Thus, the Court finds that any statements regarding the reason Defendant terminated Plaintiff are privileged from a defamation claim under California law.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's Fourth Cause of Action.

**E.    Fifth Cause of Action:  Intentional Infliction of Emotional Distress Claim**

Defendant moves for summary judgment on Plaintiff's intentional infliction of emotional distress claim on the ground that, *inter alia*, Plaintiff's claim is part in parcel with her FEHA claim, and therefore she has failed to provide any evidence showing extreme and outrageous conduct. (Defendant's Motion at 22-23.)

To prove a claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct by the defendant either with intent or reckless disregard, (2) severe and extreme emotional distress suffered by the plaintiff, and (3) actual and proximate causation. Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991).  To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Davidson v. City of Westminister, 32 Cal. 3d 197, 209 (1982).  In the employment context, a plaintiff must show that the defendant's conduct went "beyond what is to be expected from a normal employment relationship."  Jersey v. John Muir Medical Center, 97 Cal. App. 4th 814, 830 (2002).

---

[8] (Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 8-9, Docket Item No. 63.)

12

Here, as discussed above, Plaintiff has failed to provide sufficient evidence to establish triable issues of facts regarding discrimination against her on the basis of age or that she was terminated in violation of public policy. Other than the three unconnected pieces of evidence that Plaintiff has introduced in an attempt to create trial issues, the Court finds that in general, Plaintiff has failed to introduce specific facts to counter Defendant's evidence. On the contrary, Defendant has produced evidence showing that Defendant conducted an investigation and determined, on good faith, that Plaintiff had violated its Discount Card policy. Based on the record as a whole, a reasonable jury could not find that Defendant engaged in extreme and outrageous conduct in terminating Plaintiff.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's Fifth Claim for Relief.

## V. CONCLUSION

The Court DENIES Plaintiff's Motion for Summary Judgment. The Court GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment as follows:

(1) The Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's First, Second, Fourth and Fifth Causes of Action.

(2) The Court DENIES Defendant's Motion for Summary Judgment as to Plaintiff's Third Cause of Action.

With respect to the Third Cause of Action, the Court orders the parties to meet and confer and to make a good faith effort to resolve this claim. On or before **June 15, 2009**, the parties shall file a Joint Status Report to update the Court on their efforts. In the event that the parties cannot resolve this claim on their own, the Court will refer the parties to the Court's ADR program.

Dated: May 28, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dennis M. Brown dbrown@littler.com
John E. Hill johnhill@hill-law-offices.com
Michael Paul Guta johnhill-law@msn.com
Todd Kenneth Boyer tboyer@littler.com

**Dated: May 28, 2009**                                    **Richard W. Wieking, Clerk**

                                                           **By:  /s/ JW Chambers**
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**